414 So.2d 216 (1982)
Luis Bernard GUEMES and South Carolina Insurance Company, a South Carolina Corporation, Authorized to Do Business in the State of Florida, Appellants,
v.
BISCAYNE AUTO RENTALS, INC., a Florida Corporation, Appellee.
No. 80-1381.
District Court of Appeal of Florida, Third District.
April 20, 1982.
Rehearing Denied June 2, 1982.
*217 Walton, Lantaff, Schroeder & Carson and Edward J. Schack and George W. Chesrow, Miami, for appellants.
Papy, Poole, Weissenborn & Papy, Coral Gables, and Sheridan K. Weissenborn, Miami, for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
On October 24, 1978, the appellee, Biscayne Auto Rentals, Inc., leased an automobile to James Oliver. Oliver permitted Luis Guemes to operate the leased vehicle. Guemes had an accident on November 7, 1978 severely injuring Jose Silveira. Silveira commenced an action against Biscayne Auto Rentals, Inc.[1] Biscayne commenced a third-party action against Guemes, the permittee-driver of the leased vehicle and his insurer, South Carolina Insurance Company, seeking: (1) declaratory judgment as to the carrier's primary responsibility for coverage; and (2) indemnification. After the third-party action matured on the pleadings, both Biscayne and South Carolina filed motions for summary judgment. The trial court denied South Carolina's motion and granted Biscayne's motion determining that South Carolina's policy afforded primary coverage and Biscayne's policy afforded excess coverage. The question of indemnity became moot when the summary judgment was granted in favor of Biscayne. However, on appeal, Biscayne, in support of its favorable judgment, asserts that even if summary judgment was erroneous with respect to the determination of primary coverage, it was nonetheless properly entered in favor of Biscayne because it was entitled to common law indemnity. Consequently, we must examine both aspects on appeal.[2]
With respect to the coverage question, South Carolina contends that Biscayne did not sufficiently comply with Section 627.7263, Florida Statutes (1977) so as to shift its primary [statutory] responsibility from Biscayne and place it upon South Carolina. Our inquiry begins with the statute, which provides:
Rental and leasing driver's insurance primary. 
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the lessee's insurance company's name if the lessor's insurance is not to be primary.
*218 From an inspection of the lease agreement between Biscayne and Oliver, it is apparent that Biscayne, which admittedly drafted the lease, did not comply with Section 627.7263, supra.
Where the lessee's insurer is to be primarily responsible, the statute requires said provision to be in bold type. The type used is neither larger nor heavier than that used for the remainder of the lease. The use of a red stamp does not correct this deficiency.
A more substantial defect is the insufficiency of the contents of the notice to effectively inform the lessee that his insurer, if he has one, will be primarily responsible for any claim against the use and operation of the vehicle. The notice states:
NOTICE  Florida Statutes 627.7263 provides that the rental customer's automobile liability and personal injury insurance shall be primary.
This is an incorrect statement of the law at the time when the automobile was leased.[3] A lessee reading the notice provided by Biscayne would believe that, by statute, his own insurer is responsible. The lessee is not informed that, to the contrary, he is contracting for a responsibility not otherwise required by law.[4] In order to satisfy the requirements of Section 627.7263, supra, we find that the lessee must be clearly informed that his insurance carrier will be responsible for any claim against the lessee during the use and operation of the vehicle.[5]
Because of the defective compliance with the statutory requirements, Biscayne remains primarily responsible for the payment of claims and South Carolina is responsible for any excess.
Biscayne next contends that the summary judgment should be affirmed because Biscayne is nonetheless entitled to common law indemnity. We disagree. Although the dangerous instrumentality doctrine places the primary responsibility upon the owner for damages caused as a result of negligence in the use of the instrumentality, he is ordinarily entitled to indemnity from his permittee. However, this right of indemnity is subject to the exception that if the owner leases the vehicle to another and the owner provides in that lease that he will furnish insurance, then the lessor will be denied indemnity. Truck Discount Corporation v. Serrano, 362 So.2d 340 (Fla. 1st DCA 1978); Morse Auto Rentals, Inc. v. Lewis, 161 So.2d 235 (Fla. 3d DCA 1964). As a result of the defective compliance with Section 627.7263, supra, the lessee necessarily contracted for Biscayne to provide liability insurance coverage as part of the rental agreement.
For the foregoing reasons, the summary final judgment in favor of Biscayne is reversed with directions to enter summary final judgment in favor of Guemes and South Carolina, the effect of which will be to determine that Biscayne affords the primary coverage and is not entitled to indemnity; and that the South Carolina policy provides excess coverage.
Reversed and remanded.
NOTES
[1] Biscayne had qualified as a self-insurer under the Florida Financial Responsibility Act, Section 324.171, Florida Statutes (1977).
[2] In Cerniglia v. C & D Farms, 203 So.2d 1 (Fla. 1967), the Court held that the appellee may advance reasons to support the judgment under attack which are different from those given by the lower court without filing a cross-assignment of error.
[3] Section 627.7263, Florida Statutes (1976 Supp.) provided that the lessee's insurance would be primary. This was changed by Chapter 77-468, Section 29, Laws of Florida, effective July 1, 1977 to provide that the lessor's insurance would be primary unless otherwise stated. Since the lease was signed in 1978, the latter statute was applicable.
[4] It should not be inferred from this holding that an accurate statement of the law, standing alone, necessarily shifts the lessor's responsibility pursuant to the statute. Everyone is presumed to know the law. The information required to be communicated is the fact that lessee is contracting that his carrier, if any, will be primarily responsible for his coverage.
[5] We do not find that the statute imposes the additional prerequisite that the lessee's name be filled in. The statute only requires a blank space to provide for the lessee's name. Consequently, we find that this provision is informational in that it benefits the lessor in the event that a claim is presented against it. Failure to fill in the lessee's name, standing alone, does not preclude the lessor from shifting responsibility to the lessee.