425 So.2d 652 (1983)
SENTRY INDEMNITY COMPANY, a Corporation, Appellant,
v.
HARTFORD ACCIDENT & INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 82-96.
District Court of Appeal of Florida, Fifth District.
January 26, 1983.
*653 Patricia C. Fawsett of Akerman, Senterfitt & Eidson, Orlando, for appellant.
Charles Cook Howell, Jr. of Howell & Howell, P.A., Jacksonville Beach, for appellee.
WEINBERG, RICHARD G., Associate Judge.
Appellant, Sentry Indemnity Co. (Sentry), seeks reversal of a declaratory judgment finding Sentry to be the primary insurer and thus liable to the secondary insurer, appellee Hartford Accident & Indemnity Insurance Co. (Hartford) for a settlement negotiated by Hartford.
Sentry provided auto insurance coverage to Murphy Rental Company (Murphy) which contained the following exclusion:
As respects coverage on automobiles rented or leased to others, it is understood and agreed that coverage hereunder is void provided there is other valid and collectible insurance against such loss.
Murphy leased an automobile to Dolime Minerals Company (Dolime) under a lease agreement that required Dolime to obtain insurance for the vehicle. Dolime carried a policy with Hartford that provided primary insurance for covered autos Dolime owned, and excess insurance for covered autos Dolime did not own. With regard to the vehicle in question, Hartford gave Dolime an endorsement to the policy characterizing the vehicle as "a covered auto you own and not a covered anto you hire, borrow or lease... ." The endorsement also added Murphy as an additional insured.
The vehicle, while being driven by an employee of Dolime, was involved in an accident with a motorcycle operated by Charles Lobsiger. Lobsiger filed suit against the driver, Dolime, Murphy, and Hartford. Hartford undertook the defense. Thereafter Hartford cross-claimed for a declaratory decree that Sentry's policy exclusion was void because of section 627.7263, Florida Statutes (1981), and therefore Sentry was the primary insurer of the vehicle and had the duty to defend. Hartford subsequently settled Lobsiger's claims and the cause proceeded on Hartford's cross-claim. The trial court ultimately ruled that Sentry's coverage was primary and Hartford's coverage was secondary and held Sentry liable to Hartford for the full amount of the settlement. We reverse.
Section 627.7263[1] provides that insurance for a lessor shall be primary unless otherwise stated in "bold type" on the face of the rental or lease agreement. The lease agreement between Murphy (lessor) and Dolime (lessee) contained a paragraph which required the lessee to provide insurance. A substantial portion of the argument in this appeal by both sides was directed to the issue whether or not the insurance paragraph was in "bold type," to make lessee the primary insurance provider in derogation of Florida Statute 627.7263. In reviewing the trial court's decision it is unnecessary to become embroiled in this contention. Resolution lies elsewhere.
We have held that section 627.7263 provides a means by which the lessor may shift the obligation for primary coverage to the lessee. P & H Vehicle Rental, Etc. v. Garner, 416 So.2d 503 (Fla. 5th DCA 1982). See also Racecon, Inc. v. Mead, 388 So.2d 266 (Fla. 5th DCA 1980) (construing section 627.7263 prior to its amendment in 1977, providing that lessee's insurance would be primary). The legislature intended to protect unwary lessees of motor vehicles from *654 responsibility of providing insurance unless their liability was conspicuously designated in "bold type" under requirements of the present section 627.7263. The sole question which we must answer on this appeal is whether or not one insurer (Hartford in this case) may provide insurance coverage for both the lessor and the lessee under the same motor vehicle lease? In Racecon, this court discussed the right of parties to contract freely to provide insurance coverage required by applicable statutes. Such right to contract was held to be proper if the public policy of the state was satisfied. Section 627.7263 was construed so as to permit the lessor to provide primary coverage through the doctrine of contractual freedom. The "bold type" provision was to advise the lessor of this requirement.
It is not necessary for us to determine whether or not the lessor properly shifted its obligation to the lessee for primary coverage by use of the "bold type" mandate. P & H Vehicle Rental, Etc. v. Garner, 416 So.2d 503 (Fla. 5th DCA 1982); Patton v. Lindo's Rent-A-Car, Inc., 415 So.2d 43 (Fla. 2d DCA 1982). The record is clear Hartford contractually undertook to provide both the primary coverage mandated to be furnished by the lessor (Murphy) and the lessee's contractual obligation to furnish insurance under the lease agreement. Obligatory features of section 627.7263 were met by Hartford's policy of insurance covering both lessor and lessee. The statute cannot be the basis for shifting responsibility from the insurer of both obligations to other available coverage. Accordingly, it is unnecessary to address other points on appeal.
The final judgment is reversed and remanded with directions to enter judgment for Sentry.
REVERSED AND REMANDED.
SHARP and COWART, JJ., concur.
NOTES
[1] Section 627.7263 provides, in part:

(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.