553 So.2d 740 (1989)
INTERNATIONAL BANKERS INSURANCE COMPANY, Appellant,
v.
SNAPPY CAR RENTAL, et al., Appellees.
No. 88-2118.
District Court of Appeal of Florida, Fifth District.
December 14, 1989.
Pamela A. Mark and Elmo R. Hoffman of Parker, Johnson, Owen, McGuire & Michaud, P.A., Orlando, for appellant.
Michael M. Bell of Hannah, Marsee, Beik & Voght, P.A., Orlando, for appellee Snappy Car Rental.
COWART, Judge.
This is an appeal of an order establishing primary insurance coverage. The appellant contends the language in a provision of an automobile lease agreement purporting to shift the burden of providing primary insurance coverage to the lessee's insurer fails to comply with section 627.7263, Florida Statutes. Section 627.7263, Florida Statutes, provides:
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the name of the lessee's insurance company if the lessor's insurance is not to be primary. [Emphasis added].
On the face of the lease agreement in question, in bold type, it is stated:
FLORIDA REPLACEMENT INSURANCE RENTAL
THE VALID AND COLLECTIBLE LIABILITY INSURANCE OR PERSONAL INJURY PROTECTION INSURANCE PROVIDING COVERAGE FOR THE RENTAL OR LEASING DRIVER OR ANY OTHER PERSON OPERATING THE MOTOR VEHICLE WITH THE PERMISSION OR CONSENT OF THE RENTAL OR LEASING DRIVER SHALL BE PRIMARY. SUCH INSURANCE SHALL BE PRIMARY FOR THE LIMITS OF LIABILITY AND PERSONAL INJURY PROTECTION COVERAGE AS REQUIRED BY U.S. 324.021(7) AND 627.736, FLORIDA STATUTES.
Subsection (1) of the statute, in effect, provides that when a motor vehicle is leased, the lessor's liability and PIP insurance shall be primary "unless otherwise stated." The lease language quoted above clearly "states otherwise" in the required manner and clearly informs the lessee that the lessee's liability and PIP insurance shall be primary.
While subsection (1) of the statute provides that unless agreed otherwise in the prescribed manner, the lessor's insurance *741 will be primary, subsection (2) of the statute requires that the lease agreement inform the lessee of the provisions of subsection (1). This creates some ambiguity. The lease agreement cannot literally and truthfully inform the lessee of the primary effect of subsection (1), i.e., that the lessor's insurance is primary, when that will not be the fact because the very reason for the lease provision is to comply with the statute in order to make the lessee's insurance primary.[1] If the lessor's insurance is to be primary, there is no good reason to require that the lessee be informed, in bold type or at all, of that fact. This is so because the absence of any insurance provision in the lease agreement is more advantageous to the lessee (because then the lessor's insurance would be primary) than is the presence of a provision notifying the lessee of the "otherwise", that is, a provision notifying the lessee that the lessee's insurance is to be primary.
If language in the lease agreement attempts to explain to the lessee that the statute makes the lessor's insurance primary but the very act of informing the lessee makes the fact stated to be untrue and makes the lessee's insurance primary, obviously, the lessee will be hopelessly confused. It is better just to simply state the ultimate truth of the insurance provision in the lease agreement  which is, that the lessee's insurance is to be primary. If the lessee will not agree to that insurance provision in a proposed lease agreement, at least the lessee will have been made aware of the problem. One need not have to be trained in law to understand, or to assume, that the insurance provision is being placed in the lease by the lessor for the lessor's benefit and for the purpose of changing the way things would be if the insurance provision were not there. Instead of the "otherwise stated" language and the self-reference direction to inform "the lessee of the provisions of subsection (1)" it would be far better for the legislature to merely state the exact language it wanted to be inserted in bold type on the face of the lease agreement.
We hold that the intent of the legislature in subsection (2) of the statute is that, when the lease agreement properly shifts the primary insurance burden from the lessor to the lessee, the lessee must be notified and informed by bold type notice that the lessee's insurance is to be primary. The lease agreement in this case does this.
The order of the trial court to the effect that the lease agreement provision was adequate, and that the lessee's insurance coverage was primary, is
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] This is one of those Godel, Escher, Bach style "through the looking glass" self-reference looptype problems. If you do not comply with the statute, then the lessor's insurance is primary; but if, in literal compliance with subsection (1), you inform the lessee that the lessor's insurance is primary, by giving that very information the statute is complied with, the statement becomes false and the lessee's insurance is made primary.