563 So.2d 176 (1990)
Donald GRAY, Appellant,
v.
MAJOR RENT-A-CAR, INC., Etc., Appellee.
No. 89-1371.
District Court of Appeal of Florida, Fifth District.
June 14, 1990.
Henry W. Jewett, II of Hannah, Marsee, Beik & Voght, P.A., Orlando, for appellant.
William B. Pringle, III, P.A., Altamonte Springs, for appellee.
DANIEL, Chief Judge.
Donald Gray appeals a final summary judgment in favor of Major Rent-A-Car, Inc. holding that Gray was obligated to provide primary insurance coverage for a vehicle leased from Major. Gray contends that Major failed to properly shift the burden of providing primary insurance coverage to him. We agree and accordingly reverse and remand for entry of judgment in favor of Gray on the issue of coverage.
On April 10, 1987, Major leased a motor vehicle to Donald Gray. Later that day, Gray was involved in an automobile accident with Jody Bass. Bass filed suit against Gray and Major. Gray cross-claimed against Major alleging that the rental agreement purporting to shift the burden of providing primary insurance coverage to Gray's insurer failed to comply with section 627.7263 and thus primary financial responsibility remained with Major. Both parties moved for summary judgment on the question of primary coverage. The trial court concluded that the rental agreement complied with the boldface type requirements of section 627.7263 and therefore Gray and his insurer had primary responsibility for coverage.
Section 627.7263, Florida Statutes (1987) provides as follows:
627.7263 Rental and leasing driver's insurance to be primary; exception. 
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing *177 the lessee of the provisions of subsection (1) and shall provide a space for the name of the lessee's insurance company if the lessor's insurance is not to be primary.
Section 627.7263 mandates that the insurance policy providing coverage for the lessor of a motor vehicle is primary unless otherwise stated in bold type on the face of the rental or lease agreement. Maryland Casualty Company v. Reliance Insurance Company, 478 So.2d 1068 (Fla. 1985); International Bankers Insurance Company v. Snappy Car Rental, 553 So.2d 740 (Fla. 5th DCA 1989). The purpose of this statute is to protect unwary lessees of motor vehicles from the responsibility of providing insurance unless their liability was conspicuously designated in "bold type" under the requirements of section 627.7263. Sentry Indemnity Company v. Hartford Accident and Insurance Company, 425 So.2d 652 (Fla. 5th DCA 1983).
The rental agreement here provides as follows:
"READ The valid and collectible liability insurance, comprehensive, collision and or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.763. FLORIDA STATUTES (1976); AS AMENDED C/S SB 1181, 925, 792 EFFECTIVE JULY 1, 1977."
"The undersigned lessee does hereby agree that if for any reason the named insurance company does not provide him with coverage and liability protection which he has so indicated by signing below that is available to him, then in that event, he will be absolutely and personally liable to the lessor for any loss, damage or injury, including any claim or chose in action against the lessor or as a result of such injuries, loss or damage, while the vehicle is in the possession or under the custody and control of the lessee."
Rentee's Insurance Company providing Non-owned Coverage ________
Rentee's Insurance Agent __________
Insurance Policy Number ___________
In International Bankers Insurance Company v. Snappy Car Rental, the rental agreement provided, in bold type, that the "insurance ... for the rental or leasing driver ... shall be primary." This court held that the rental agreement clearly informed the lessee that his liability insurance was primary and met the requirements of section 627.7263. In Patton v. Lindo's Rent-a-Car, Inc., 415 So.2d 43 (Fla. 2d DCA 1982), the rental agreement contained the same language as in Snappy Car Rental. However, this portion of the rental agreement was no different in size or color from the rest of the agreement. The court noted that section 627.7263 provides the exclusive method of shifting primary liability coverage from the lessor to the lessee and concluded that the rental agreement did not meet the requirements of the statute. Accordingly, the lessor's insurance company was held to be primarily liable.
In Guemes v. Biscayne Auto Rentals, Inc., 414 So.2d 216 (Fla. 3d DCA 1982), the court held that the provision of a leasing agreement purporting to shift financial responsibility was defective on two grounds. First, the type in the provision was neither larger nor heavier than that used for the remainder of the lease and the use of a red stamp was deemed insufficient to correct this deficiency. Second, the agreement incorrectly stated that the rental customer's insurance shall be primary under the law. Because of the defective compliance with the statutory requirements, the lessor remained primarily responsible for the payment of claims.
In the present case, only the word "read" is in large bold type. The remainder of the provision is in the same type used elsewhere in the agreement. The provision *178 states that the "insurance coverage for the lessor ... shall be primary unless stated otherwise in bold type on the face of the rental or lease agreement." The agreement does not "state otherwise." The second paragraph, set out in quotations, merely informs the lessee that he will be liable to the leasing company in the event of an accident. It does not use the word "primary" or indicate that the lessee's insurance company will provide primary coverage. The lines for the information regarding the lessee's insurance company do not use the word "primary." In addition, these lines are merely informational and do not affect the shifting of financial responsibility. See Guemes, 414 So.2d at 218 n. 5. Since the type of the provision is neither larger nor heavier than the type used in the remainder of the agreement and the provision does not state that the insurance of the lessee will be primary, the rental agreement does not comply with section 627.7263. Where the owner of a leased or rented vehicle has not properly shifted the burden of primary insurance coverage to the lessee under section 627.7263, the owner's primary obligation is for the first layer of coverage. Southeastern Fidelity Insurance Company v. Cole, 493 So.2d 445 (Fla. 1986); Allstate Insurance Company v. Fowler, 480 So.2d 1287 (Fla. 1985); Holler Rental Company v. Marsh, 488 So.2d 553 (Fla. 5th DCA 1986).
REVERSED and REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.