585 So.2d 1084 (1991)
COMMERCE INSURANCE COMPANY and William A. Henderson, Appellants,
v.
ATLAS RENT A CAR, INC., D/B/a American International Rent-a-Car of Dade County, a Florida Corporation, Appellee.
No. 90-1645.
District Court of Appeal of Florida, Third District.
September 10, 1991.
Rehearing Denied October 17, 1991.
*1085 Adams Hunter Angones Adams Adams & McClure and Christopher Lynch, Miami, for appellants.
Ligman Martin & Evans and David J. Beasley, Coral Gables, and Sanjukta Sen, Miami, for appellee.
Before BASKIN, JORGENSON and LEVY, JJ.
JORGENSON, Judge.
Commerce Insurance Co. and William Henderson appeal from a final summary judgment in an action for indemnity and declaratory relief. We affirm.
Henderson, a Massachusetts resident, rented a Florida-registered vehicle from Atlas Rent-A-Car, d/b/a American International Rent-A-Car, in Dade County. While driving the rented vehicle in Florida, Henderson was involved in an accident with Caballero, a Florida resident. Henderson and his Massachusetts insurer, Commerce, were sued in Florida by Caballero for negligence.
A dispute arose between Commerce and American International over who was to provide primary insurance coverage to Henderson. American alleged that Commerce was obligated to provide primary coverage based on the following language found in bold type in the rental agreement between American and Henderson:
NOTICE TO RENTER
FLORIDA STATUTE 627.7263(1) PROVIDES THAT "THE VALID AND COLLECTIBLE LIABILITY INSURANCE OR PERSONAL INJURY PROTECTION INSURANCE PROVIDING COVERAGE FOR THE LESSOR OF A MOTOR VEHICLE FOR RENT OR LEASE SHALL BE PRIMARY UNLESS OTHERWISE STATED IN BOLD TYPE ON THE FACE OF THE RENTAL OR LEASE AGREEMENT. SUCH INSURANCE SHALL BE PRIMARY FOR THE LIMITS OF LIABILITY AND PERSONAL INJURY PROTECTION COVERAGE AS REQUIRED BY §§ 324.021(7) AND 627.736." THEREFORE, LESSEE/RENTER'S INSURANCE CARRIER WILL BE PRIMARY FOR THE LIMITS OF LIABILITY AND PERSONAL INJURY PROTECTION COVERAGE REQUIRED BY SS 324.021(7) AND 627.736, FLORIDA STATUTES.
Commerce, after settling the underlying suit with Caballero for $9,000, brought this action for indemnity and declaratory relief[1] against American. Specifically, Commerce alleged that American's lease language which attempts to shift the burden of providing primary coverage is inapplicable because Commerce is a Massachusetts company which does not do business in Florida or insure against any Florida risks; the Commerce policy was issued in Massachusetts to a Massachusetts resident; and the Commerce policy is excess because the insured was driving a vehicle that he did not own.[2] Following a hearing, the trial court entered summary judgment in favor of American finding that "the bold type language contained at the bottom of the lease provision ... effectively shifted the burden for providing the primary liability coverage to Henderson's carrier."
In enacting section 627.7263, Florida Statutes (1986), the legislature created an exception to the dangerous instrumentality doctrine by allowing lessors who lease Florida-registered vehicles to shift the obligation for primary insurance coverage to the lessee by conspicuously designating the lessee's liability in bold type on *1086 the face of the rental agreement. Sentry Indem. Co. v. Hartford Accident & Ins. Co., 425 So.2d 652 (Fla. 5th DCA 1983). Where, as here, the lessor fully complied with the requirements of the statute,[3] the parties to the rental agreement were free to contract between themselves to shift the burden of loss. American, therefore, has relieved itself from paying for the limits of liability under Florida law.
Moreover, because the cause of action is less an action in contract[4] than it is an action for liability and damages in tort, we must apply the law of the jurisdiction with the most significant relationship to the issues in controversy. State Farm Mut. Auto. Ins. Co. v. Olsen, 406 So.2d 1109 (Fla. 1981); Stallworth v. Hospitality Rentals, Inc., 515 So.2d 413 (Fla. 1st DCA 1987). Florida clearly bears the most significant relationship to this action. Florida is the domicile of both the injured party and the owner of the vehicle; the accident occurred in Florida; the rental transaction took place in Florida; and the vehicle involved in the accident was registered in Florida.
The result we reach is consistent with Florida's policy of protecting members of our public from losses resulting from ownership and operation of motor vehicles. See Insurance Co. of North America v. Avis Rent-A-Car Sys., 348 So.2d 1149 (Fla. 1977).
Affirmed.
NOTES
[1] Commerce requested a declaration that the policy provided by American was primary to the Commerce policy and that American was obligated to defend Henderson in the underlying negligence action.
[2] Where the insured was using a non-owned vehicle, the Commerce policy provided that "the owner's auto insurance must pay its limits before we pay."
[3] The lessee was clearly informed that his insurance carrier would be responsible for any claim against the lessee during use and operation of the vehicle. See Guemes v. Biscayne Auto Rentals, Inc., 414 So.2d 216 (Fla. 3d DCA 1982) (in order to satisfy requirements of section 627.7263, lessee must be informed that his insurance carrier will be responsible).
[4] This is not an action by an insured against its insurer.