588 So.2d 36 (1991)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
LINDO'S RENT-A-CAR, INC., Appellee.
No. 91-404.
District Court of Appeal of Florida, Fifth District.
October 24, 1991.
*37 Michael A. Romano of Drage, deBeaubien, Knight & Simmons, Orlando, for appellant.
A. Craig Cameron of Cameron, Marriott, Walsh & Hodges, P.A., Orlando, for appellee.
COWART, Judge.
Section 627.7263, Florida Statutes, provides:
Rental and leasing driver's insurance to be primary; exception
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the name of the lessee's insurance company if the lessor's insurance is not to be primary.
The motor vehicle rental agreement in this case states:
Notice: Section 627.7263 of the Florida Statutes (1979) provides liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Accordingly, you are hereby notified that lessor is electing, in accordance with the aforesaid statute, to make your personal automobile insurance carrier primarily responsible for any and all claims arising out of your use and operation of this rental vehicle. Therefore, please enter the name of your personal automobile insurance company on the line provided below:
Appellant, the lessee's personal automobile insurer, argues that the quoted language fails to inform the lessee of the second sentence of subsection (1) of the statute and fails to contain the lessee's name or the name of the lessee's insurer.
We hold that the language in the vehicle rental agreement complies with the statute and serves to properly shift primary liability for liability insurance and personal injury protection (PIP) insurance relating to the leased vehicle from the lessor and its insurer to the lessee's personal automobile insurer. See Gray v. Major Rent-A-Car, Inc., 563 So.2d 176 (Fla. 5th DCA 1990); International Bankers Insurance Co. v. Snappy Car Rental, 553 So.2d 740 (Fla. 5th DCA 1989).
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.