615 So.2d 244 (1993)
INTERAMERICAN CAR RENTAL, INC., Appellant,
v.
SAFEWAY INSURANCE COMPANY, Appellee.
No. 92-1617.
District Court of Appeal of Florida, Third District.
March 9, 1993.
Ferdie & Gouz and Jose I. Valdes, Miami, for appellant.
Mark D. Gilwit and Beth M. Gordon, Miami, for appellee.
*245 Before HUBBART, NESBITT and LEVY, JJ.
PER CURIAM.
This is an appeal by the defendant Interamerican Car Rental, Inc. from an adverse summary final judgment entered in a declaratory judgment action brought by the plaintiff Safeway Insurance Company as the insurer of a lessee of an automobile leased from the defendant. At issue is whether a provision in the rental contract between the lessee and the defendant adequately complied with Section 627.7263, Florida Statutes (1989),[1] so as to make the lessee's insurer the primary insurer of the leased automobile. The subject lease provision, which is printed in bold capital letters, states:
"IN ACCORDANCE WITH THE EXCEPTION TO FLORIDA STATUTE 627.7263 YOU ARE HEREBY NOTIFIED THAT THIS RENTAL AGREEMENT PROVIDES THAT THE VALID AND COLLECTIBLE LIABILITY AND PERSONAL INJURY INSURANCE OF THE RENTER, OR ANY OTHER PERSON OPERATING THIS MOTOR VEHICLE WITH THE RENTER'S CONSENT SHALL BE PRIMARY. RENTER IS CONTRACTING THAT THEIR INSURANCE IS TO BE PRIMARY IN ACCORDANCE WITH SAID STATUTE AND IN ACCORDANCE WITH THE LIMITS OF LIABILITY AS REQUIRED BY FLORIDA STATUTE 324.021(7)."
We conclude that this provision fully complies with Section 627.7263 because (a) it clearly states in bold type that the lessee is contracting that his/her insurance carrier will be the primary liability insurance carrier on the rented automobile, and (b) Florida courts have held that such a provision fully complies with the statute. State Farm Mut. Auto. Ins. Co. v. Lindo's Rent-A-Car, Inc., 588 So.2d 36 (Fla. 5th DCA 1991); International Bankers Ins. Co. v. Snappy Car Rental, 553 So.2d 740 (Fla. 5th DCA 1989); Guemes v. Biscayne Auto Rentals, Inc., 414 So.2d 216, 218 (Fla. 3d DCA 1982). The final declaratory judgment under review is therefore reversed, and the cause is remanded to the trial court with directions to enter a declaratory judgment in accord with the views expressed in this opinion.
Reversed and remanded.
NOTES
[1] The valid and collectible liability insurance or personal injury protection insurance providing coverage for the Lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by § 324.021(7) and § 627.736.
(2) Each rental or lease agreement between the Lessee and the Lessor shall contain a provision on the face of the agreement, stated in bold type, informing the Lessee of the provisions of subsection (1) and shall provide a space for the name of the Lessee's insurance company if the Lessor's insurance is not to be primary."
§ 627.7263, Fla. Stat. (1989).