616 So.2d 1186 (1993)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,
v.
FORD MOTOR CREDIT COMPANY and Cigna Property & Casualty Insurance Company, Appellees.
No. 92-0640.
District Court of Appeal of Florida, Fourth District.
April 21, 1993.
James K. Clark and Frances F. Guasch of Barnett, Clark & Barnard, Miami, for appellant.
Linda R. Spaulding of Conrad, Scherer, James & Jenne, Fort Lauderdale, for appellees.
KLEIN, Judge.
This case involves the issue of whether the notice in an automobile lease complied with section 627.7263, Florida Statutes (1984), so as to make lessee's insurer primary. Section 627.7263 provided:
(1) The valid and collectible insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability, and personal injury protection coverage as required by § 324.029(7) and § 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the name of lessee's insurance company if the lessor's insurance is not to be primary.
The lease provided:
NOTICE: PURSUANT TO SECTION 627.7263, FLORIDA STATUTES, LESSOR AND LESSEE AGREE THAT THE LIABILITY INSURANCE OR PERSONAL INJURY PROTECTION INSURANCE OF LESSEE OR OTHER PERMITTED OPERATOR OF THE PROPERTY SHALL BE PRIMARY FOR THE LIMITS OF LIABILITY AND PERSONAL INJURY PROTECTION COVERAGE REQUIRED BY SECTIONS 324.021(7) AND 627.736, FLORIDA STATUTES. NAME OF LESSEE'S INSURANCE COMPANY: ________.
In our opinion this provision does not comply with the statute. There is nothing in this notice "informing the lessee of the provisions of subsection (1)" of the statute. Nor does the notice inform the lessee that *1187 she was contracting to pay for what the statute requires the lessor to provide. As the court stated in Guemes v. Biscayne Auto Rentals, Inc., 414 So.2d 216, 218 (Fla. 3d DCA 1982):
A lessee reading the notice provided by Biscayne would believe that, by statute, his own insurer is responsible. The lessee is not informed that, to the contrary, he is contracting for a responsibility not otherwise required by law.
Lessor's insurer relies on International Bankers Ins. Co. v. Snappy Car Rental, Inc., 553 So.2d 740 (Fla. 5th DCA 1989). The notice in the lease in that case contained language similar to the notice in the present case, except there was no reference to section 627.7263. Since the statute requires that the lessee must be informed of provisions of section 627.7263, we cannot agree with the conclusion of the fifth district that the notice is sufficient so long as the lessee is "informed by bold type notice that the lessee's insurance is to be primary." Id., 741.
Lessor's insurer also relies on Interamerican Car Rental, Inc. v. Safeway Ins. Co., 615 So.2d 244 (Fla. 3d DCA 1993), in which the third district stated that these notices comply so long as they communicate in bold type that the lessee is contracting for lessee's insurer to be primary carrier. We do not think that satisfies the clear requirements of statute.
It would have been a very simple matter for lessor to state in this lease that the statute provides that the lessor's insurance is primary, but that the parties are contracting (as the statute permits) for lessee's insurance to be primary. See, for example, State Farm Mutual Automobile Ins. Co. v. Lindo's Rent-A-Car, Inc., 588 So.2d 36 (Fla. 5th DCA 1991). The notice in the present case did not comply with either the spirit or the letter of the statute.
We reverse for entry of a judgment declaring the lessor's insurance primary and certify conflict with International Bankers Ins. Co. v. Snappy Car Rental, Inc., 553 So.2d 740 (Fla. 5th DCA 1989) and Interamerican Car Rental, Inc. v. Safeway Ins. Co., 615 So.2d 244 (Fla. 3d DCA 1993).
Reversed.
DELL and FARMER, JJ., concur.