622 So.2d 1372 (1993)
Walter McCue, Jr., Appellant,
v.
DIVERSIFIED SERVICES, INC., d/b/a Budget Rent a Car of Miami, Appellee.
No. 92-2445.
District Court of Appeal of Florida, Fourth District.
September 1, 1993.
*1373 Alex Daszkal, Goldman & Daszkal, P.A., Boca Raton, for appellant.
Edward D. Schuster, Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Appellant, Walter McCue, rented a car from appellee, Diversified Services, Inc., d/b/a Budget Rent A Car of Miami (hereinafter Budget). He was involved in an accident and sustained personal injuries. McCue did not own a vehicle nor was he an insured under any automobile insurance policy; therefore, he had no personal vehicle liability insurance coverage nor personal injury protection coverage. His effort to recover for his injuries from Budget resulted in a dismissal of his complaint with prejudice, prompting this appeal.
The car rental agreement between the parties contains the following provision in blackened boldfaced type immediately above the signature line:
The lessee's/renter's insurance carrier will be primarily responsible for any claim against the lessee/renter and/or lessor during the use and operation of the vehicle. The lessee is contracting for a responsibility not otherwise required by section 627.7263(1), Florida Statutes. Section 627.7263(1), provides: (1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type face on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736. The coverage of the lessee's/renter's insurance carrier will be primary to the full extent of its liability limits. The name of the lessee's/renter's insurance company is: ... [no company name provided].
The first issue here is whether or not this language sufficiently complies with section 627.7263(1), Florida Statutes *1374 (1991), which provides in pertinent part that "[t]he valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement." (emphasis added). We hold that this contractual provision fully complies with the statute. See Commerce Ins. Co. v. Atlas Rent A Car, Inc., 585 So.2d 1084 (Fla. 3d DCA 1991), rev. denied, 598 So.2d 75 (Fla. 1992). We have previously explained the requirements that must be met for statutory compliance. Government Employees Ins. Co. v. Ford Motor Credit Co., 616 So.2d 1186 (Fla. 4th DCA 1993).
The purpose of section 627.7263(1) is to permit the lessor of an automobile to shift primary liability for the leased vehicle to the lessee's insurance carrier, thus rendering its own insurance secondary. The remaining interrelated questions are whether a contractual provision that complies with the statute imposes an obligation on the lessee to obtain insurance coverage and, further, what is the effect of the provision where the lessee does not have such insurance coverage.
Relying in part on the plain language of the statute, and in part on an analogous case, we hold that the lessee is not obligated to procure insurance coverage. See Grant v. New Hampshire Ins. Co., 613 So.2d 466, 469-70 (Fla. 1993); see also Bankers and Shippers Ins. Co. of New York v. Phoenix Assur. Co. of New York, 210 So.2d 715, 718-19 (Fla. 1968). By the same reasoning we conclude that where the burden of primary coverage is not shifted under section 627.7263 because the lessee has no primary insurance, the lessor remains responsible for providing primary insurance coverage. Cf. Grant, 613 So.2d at 470-71. We do not hold, nor do we decide here, that this result could not be altered by appropriate contractual language. A lessor and lessee are free to contract between themselves for any additional responsibilities, so long as the requirements of the statute will be met. Compare Commerce Ins. Co. v. Atlas Rent A Car, Inc., 585 So.2d 1084, 1086 (Fla. 3d DCA 1991), rev. denied, 598 So.2d 75 (Fla. 1992); Reliance Ins. Co. v. Maryland Cas. Co., 453 So.2d 854, 855-56 (Fla. 4th DCA 1984), approved, 478 So.2d 1068 (Fla. 1985); Patton v. Lindo's Rent-A-Car, Inc., 415 So.2d 43, 45 (Fla. 2d DCA 1982).
We reverse and remand for further appropriate proceedings.
REVERSED AND REMANDED.
HERSEY and FARMER, JJ., and DOWNEY, JAMES C., Senior Judge, concur.