STEVENSON, Judge,
dissenting,
I respectfully dissent. I am not convinced that the legislature intended by section 627.7263 to shift to the renter’s insurer the separate and very extensive duty to defend the rental agency. Rather, what was shifted in section 627.7263 was the responsibility to provide the primary layer of indemnification “for the limits of liability and personal injury protection coverage” required by sections *60 324.021(7) and 627.736, Florida Statutes. See § 324.021(7), Fla.Stat. (1985) (establishes the required $10,000 amount of liability coverage); and § 627.736, Fla.Stat. (1985) (mandates personal injury protection up to a limit of $10,000). Thus, it appears clear that the legislature intended to shift only the duty to indemnify (up to the limits of the statutory requirements of coverage) and not the duty to defend.
It is well acknowledged that an insurance company’s duty to defend is separate and distinct from its duty to pay. See Klaesen Bros., Inc. v. Harbor Ins. Co., 410 So.2d 611 (Fla. 4th DCA 1982). This court has previously recognized the broad and extensive nature of the duty to defend and has noted that “the duty to defend is determined solely by the allegations in the complaint against the insured.” Smith v. General Accident Ins. Co. of America, 641 So.2d. 123 (Fla. 4th DCA 1994). Further, the duty to defend does not arise automatically by operation of statutory or common law, but is a contractual matter between the insurer and its insured. See Carrousel Concessions, Inc. v. Florida Ins. Guar. Ass’n, 483 So.2d 513 (Fla. 3d DCA 1986) (“An insurer’s duty to defend arises solely from the insurance contract”). It seems to me that the practical effect of the majority opinion is to have the rental agency step into the shoes of the renter for all purposes with respect to the coverage provided by the renter’s insurer where the provisions of section 627.7263(1) apply. Such a broad design should not be read into this statute where the legislature has not made that purpose manifest.
In addition, the insurance contract at issue in the instant case specifically excludes the duty to defend an organization which owns a covered auto other than the named insured. In this ease, the organization which owned the auto was the rental agency. Even though this exclusion seems to be a slick attempt to avoid any possibility that section 627.7263(1) would require the provision of a defense to a rental agency, the truth is that the statute does not require such a result in any event. Of course, had the statute expressly provided that the duty to defend the rental agency was also shifted, the contractual language excluding coverage would be a nullity. See Commerce Ins. Co. v. Atlas Rent-A-Car, Inc., 585 So.2d 1084 (Fla. 3d DCA 1991), rev. denied, 598 So.2d 75 (Fla.1992). Because the statute does not require that the renter’s insurer provide a defense for the rental agency and the clear language of the policy excludes the provision of a defense to a rental agency, I would affirm the order of the trial court.