PER CURIAM.
Appellant Edwin Earl Glover and his insurance carrier appeal a final summary judgment which determined that Glover’s insurance afforded the primary coverage for his use of a rental vehicle. Because the rental contract complies with the risk-shifting provisions of section 627.7263, Florida Statutes (1991), we affirm.
Glover rented a car from appellee Scamp Auto Rental I, Inc. On March 14, 1993, Glover was involved in an accident while driving the rented car. After a dispute regarding the issue of primary coverage arose *563 between Scamp and Glover’s insurance carrier, the Atlanta Casualty Company, Scamp filed this declaratory judgment action. Upon motion by Scamp, the trial court granted summary judgment, finding that the Atlanta Casualty policy issued to Glover provided primary coverage up to the applicable policy limits.
Section 627.7263, Florida Statutes (1991), provides:
Rental and leasing driver’s insurance to be primary; exception.—
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the name of the lessee’s insurance company if the lessor’s insurance is not to be primary.
The rental agreement signed by Glover contains the following provision:
[[Image here]]
Glover and The Atlanta Casualty Company contend that the lease agreement did not shift the obligation for primary insurance coverage because Glover did not insert the name of his insurance company in the blank, provided. We disagree. The purpose of section 627.7263 is to permit the lessor of a motor vehicle to shift primary liability for the leased vehicle to the lessee’s insurance carrier. However, the statute requires that proper notice of the lessor’s election to shift liability be provided to unwary lessees in “bold type face” on the face of the rental agreement. We hold that the risk-shifting provision in this lease clearly complies with section 627.7263. Further, we hold that Glover’s failure to insert the name of his insurance company does not invalidate the otherwise proper risk-shifting language because identification of the lessee’s insurance company is information that benefits only the lessor. See State Farm Mutual Auto Ins. Co. v. Lindo’s Rent-A-Car, Inc., 588 So.2d 36 (Fla. 5th DCA 1991); Gray v. Major Rent-A-Car, Inc., 563 So.2d 176 (Fla. 5th DCA 1990); Guemes v. Biscayne Auto Rentals, Inc., 414 So.2d 216 (Fla. 3d DCA 1982). Accordingly, the trial court correctly found that Atlanta Casualty must provide the primary layer of insurance coverage.
Affirmed.
PARKER, A.C.J., and PATTERSON and FULMER, JJ., concur.