712 So.2d 1135 (1998)
MIAMI STAGE LIGHTING, INC., a Florida corporation, and Gustavo Laureano, Appellants,
v.
BUDGET RENT-A-CAR SYSTEMS, INC., a Delaware corporation, Appellee.
No. 97-1959.
District Court of Appeal of Florida, Third District.
June 10, 1998.
Rehearing Denied July 15, 1998.
George, Hartz, Lundeen, Flagg & Fulmer and Esther E. Galicia, Fort Myers, for appellants.
Parenti, Falk & Waas and Glenn P. Falk and Gail Leverett Parenti, Coral Gables, for appellee.
Before COPE, GODERICH and SHEVIN, JJ.
SHEVIN, Judge.
Miami Stage Lighting, Inc. ["Miami Stage"], and Gustavo Laureano appeal a final judgment in favor of Budget Rent-A-Car Systems, Inc. ["Budget"]. We reverse.
In October 1994, Miami Stage leased a vehicle from Budget. A few days thereafter, Laureano, a Miami Stage employee, was driving the vehicle and collided with Jorge Diaz's vehicle. Diaz sued Miami Stage and Laureano. Miami Stage and Laureano filed a third-party complaint against Budget seeking a declaration that Budget's liability insurer was the primary insurer of the vehicle. Defendants argued that the risk-shifting *1136 clause in Budget's rental agreement did not comply with the section 627.7263(2), Florida Statute (1993), requirements sufficiently to shift the burden of primary insurance coverage to Miami Stage. Both parties moved for summary judgment on this issue. The trial court granted Budget's motion, finding that the rental agreement between Budget and Miami Stage complied with the statute.
The trial court erred in granting Budget's motion. The risk-shifting clause did not satisfy the requirements of section 627.7263(2), necessary to shift the burden of primary insurance coverage to Miami Stage. Section 627.7263(2), Florida Statute (1993),[1] provides:
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the name of the lessee's insurance company if the lessor's insurance is not to be primary.
(Emphasis added). Budget's rental agreement contains the following risk-shifting clause in capital letters:

PERSONAL INJURY AND PROPERTY DAMAGE TO OTHERS: ALL VALID AND COLLECTIBLE LIABILITY INSURANCE, PERSONAL INJURY PROTECTION INSURANCE AND/OR OTHER PROTECTION AVAILABLE TO THE RENTER AND ANY AUTHORIZED DRIVER IS PRIMARY. BUDGET PROVIDES PROTECTION (AS DESCRIBED IN PARAGRAPHS 5 AND 6) ONLY TO THE EXTENT IT IS NEEDED TO MEET THE MINIMUM FINANCIAL RESPONSIBILITY LIMITS REQUIRED BY APPLICABLE LAW AFTER PAYMENT OF ALL INSURANCE AND PROTECTION AVAILABLE TO THE AUTHORIZED DRIVER.
We are not persuaded by Budget's argument that this clause is sufficient to alert the lessee that its insurance is primary.
Section 627.7263, permits lessors to shift the burden of providing primary insurance coverage for leased vehicles to lessees. However, to shift the burden, pursuant to section 627.7263(2), the rental agreements must inform the "lessee of the provisions of subsection (1)...." § 627.7263(2). Nowhere in Budget's clause is the lessee alerted to the existence of the statute. All clauses that have been held sufficient to shift this burden, at a minimum, inform the lessee that the lessee bears the burden pursuant to section 627.7263. Glover v. Scamp Auto Rental I, Inc., 682 So.2d 562 (Fla. 2d DCA 1996); McCue v. Diversified Servs., Inc., 622 So.2d 1372 (Fla. 4th DCA 1993); Government Employees Ins. Co. v. Ford Motor Credit Co., 616 So.2d 1186 (Fla. 4th DCA), review dismissed, 624 So.2d 265 (Fla.1993); State Farm Mutual Auto. Ins. Co. v. Lindo's Rent-A-Car, Inc., 588 So.2d 36 (Fla. 5th DCA 1991). But see International Bankers Ins. Co. v. Snappy Car Rental, 553 So.2d 740 (Fla. 5th DCA 1989)(sufficient to notify lessee *1137 that lessee's insurance applies). Budget's clause is silent as to the statute's existence. This construction complies with the rule that courts must construe statutes to give each word effect, without limiting the statute's words or adding words not placed there by the legislature. Gretz v. Florida Unemployment Appeals Comm'n, 572 So.2d 1384 (Fla.1991); Reyf v. Reyf, 620 So.2d 218 (Fla. 3d DCA 1993). Adopting Budget's argument would mean deleting the 627.7263(2) requirement that the risk-shifting clause inform "the lessee of the provisions of subsection (1)...."
Contrary to Budget's argument, Allstate Ins. Co. v. Reliance Ins. Co., 679 So.2d 822 (Fla. 3d DCA 1996), quashed on other grounds, 692 So.2d 891 (Fla.1997), and Interamerican Car Rental, Inc. v. Safeway Ins. Co., 615 So.2d 244 (Fla. 3d DCA 1993), do not require affirmance. The clause approved by this court in Allstate placed the lessee on notice that the duty to provide insurance was governed by statute. That clause read: "This rental agreement requires the valid and collectible liability and personal injury protection insurance of the renter or driver to be primary for their policy limits as per ss. 324.021(7) and 627.7263."[2] (Emphasis added).
The clause in Interamerican survived judicial scrutiny because it "clearly states in bold type that the lessee is contracting that his/her insurance carrier will be the primary liability insurance carrier on the rented automobile...." 615 So.2d at 245 (emphasis added).[3] Budget's clause does not convey that information: nowhere does the Budget clause herein inform the lessee that the lessee is contractually incurring a liability that it is not otherwise liable for under the statute. The clauses that are considered sufficient to shift the liability, at a minimum, cite the statute, or specifically inform the lessee that it is contracting to assume this liability.
Lastly, Budget asserts that Miami Stage's insurance is primary because the policy provides coverage for Budget. However, the record does not support the assertion that Miami Stage's insurer "expressly agreed to provide primary insurance coverage to both the lessee and lessor in these circumstances[.]" Budget's Brief, at 9. Sentry Indem. Co. v. Hartford Accident & Ins. Co., 425 So.2d 652 (Fla. 5th DCA 1983), is not dispositive of this issue. In Sentry, the lease agreement contained a specific affirmative requirement that the lessee obtain insurance for the vehicle. Sentry, 425 So.2d at 653. In compliance with that contract provision, the lessee's liability insurer issued a rider specifically naming the lessor as an insured. As a result, it was unnecessary for the Sentry court to reach the issue of whether the agreement passed muster under section 627.7263, Sentry, 425 So.2d at 654; the Sentry lessee's insurance had specifically included the lessor as an insured. See also Hertz Corp. v. Pugh, 354 So.2d 966 (Fla. 1st DCA 1978)(lessee agrees to provide auto liability insurance naming lessor as insured). Budget was not a named insured under Miami Stage's policy.
Based on the foregoing analysis, we reverse the summary judgment in Budget's favor, and remand for entry of summary judgment in defendant's favor.
Reversed and remanded.
NOTES
[1] The 1993 version of this section applies here as the accident occurred in November 1994. We note, however, that section 627.7263(2), Florida Statutes, was amended, effective July 1, 1995, to attempt to resolve these questions involving "risk shifting" clauses in the future. It reads as follows:

(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease is primary unless otherwise stated in at least 10-point type on the face of the rental or lease agreement. Such insurance is primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) If the lessee's coverage is to be primary, the rental or lease agreement must contain the following language, in at least 10-point type:
"The valid and collectible liability insurance and personal injury protection insurance of any authorized rental or leasing driver is primary for the limits of liability and personal injury protection coverage required by ss. 324.021(7) and 627.736, Florida Statutes."
(Emphasis added in § 1 to reflect amendments; § 2 rewritten entirely).
[2] Although the Allstate opinion does not recite the clause, this court can take judicial notice of its records. See Ellsworth v. Ins. Co. of N.A., 508 So.2d 395 (Fla. 1st DCA 1987); Gulf Coast Home Health Servs. of Fla., Inc. v. Department of Health & Rehab. Servs., 503 So.2d 415 (Fla. 1st DCA 1987).
[3] The Interamerican clause reads as follows:

IN ACCORDANCE WITH THE EXCEPTION TO FLORIDA STATUTE 627.7263 YOU ARE HEREBY NOTIFIED THAT THIS RENTAL AGREEMENT PROVIDES THAT THE VALID AND COLLECTIBLE LIABILITY AND PERSONAL INJURY INSURANCE OF THE RENTER OR ANY OTHER PERSON OPERATING THIS MOTOR VEHICLE WITH THE RENTER'S CONSENT SHALL BE PRIMARY. RENTER IS CONTRACTING THAT THEIR INSURANCE IS TO BE PRIMARY IN ACCORDANCE WITH SAID STATUTE AND IN ACCORDANCE WITH THE LIMITS OF LIABILITY AS REQUIRED BY FLORIDA STATUTE 324.021(7).
Interamerican, 615 So.2d at 245 (emphasis added).