BASKIN, Judge.
International Insurance Company [IIC] and Francesco Garritano appeal the entry of an adverse final summary judgment declaring IIC’s insurance coverage to be primary over that of Ryder Truck Rental, Inc., [Ryder] and its insurer, Old Republic Insurance Company, Inc. [Old Republic]. We affirm.
Francesco Garritano was injured in an accident involving a vehicle he leased from Ryder. IIC insured Garritano; Old Republic insured Ryder. When Garritano leased the vehicle from Ryder, he signed an addendum, written in bold type on a separate piece of paper attached to the front of the lease agreement. The addendeum purported to shift primary responsibility for accident coverage to IIC and to render Ryder’s insurer responsible for excess coverage. Garritano signed both the addendum and the lease agreement. According to their policies, both IIC and Old Republic are excess insurers as to non-owned vehicles. The question before us is whether the addendum changed the priorities and rendered IIC the primary insurer.
In Southeastern Fidelity Ins. Co. v. Cole, 493 So.2d 445, 446 (Fla.1986), the Florida Supreme Court stated: “[t]he insurer of the owner/lessor must provide the first $10,000 worth of coverage unless the owner/lessor has properly shifted the burden of primary insurance to the lessee pursuant to section 627.7263, Florida Statutes (1981).” See Allstate Ins. Co. v. Fowler, 480 So.2d 1287 (Fla.1985). Section 627.-7263(1), Florida Statutes (1983), provides, in pertinent part:
The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage....
The addendum Garritano signed met the statutory requirements[1] and shifted the burden of providing primary insurance coverage to the lessee’s insurer, IIC.
The remaining points lack merit.
Affirmed.

. The trial court declared that Ryder went further than required by having Garritano sign the addendum and having his signature witnessed.