PER CURIAM.
Appellant, a ear rental agency, sought indemnification in the trial court for attorney’s fees and costs incurred in its defense of an action brought against it by a third party who was involved in an accident with appellant’s renter.
Appellee is the renter’s automobile liability insurer which the' trial court held had no obligation to defend appellant in the above action, notwithstanding the provision of the 1987 rental agreement which the parties hereto stipulated to be in compliance with section 627.7263, Florida Statutes (1985).[1]
The above statute provides:
627.7263 Rental and leasing driver’s insurance to be primary; exception.—
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the name of the lessee’s insurance company if the lessor’s insurance is not to be primary.
Appellee defended only its insured, the renter, in the underlying action. The issue on appeal is whether appellee also had a duty to defend appellant, the rental agency. We conclude that it did. Accordingly, we reverse *58 the final judgment and remand with direction to enter final judgment for appellant.
This issue appears to be one of first impression. Recently, finding no controlling precedent on this issue, the United States Court of Appeals for the Eleventh Circuit certified this question to the Florida Supreme Court:
ASSUMING THAT [THE RENTER’S INSURER] OWES A DUTY OF DEFENSE AND INDEMNIFICATION TO ITS INSURED, [THE RENTER], DOES [THE RENTER’S INSURER] OWE [THE RENTAL AGENCY], A NON INSURED UNDER THE POLICY, ANY DUTY OF DEFENSE AND/OR INDEMNIFICATION?
Grant v. New Hampshire Ins. Co., 613 So.2d 466, 469 (Fla.1993). The supreme court, however, declined to reach or answer this question, resolving the case instead on two other questions certified. This unanswered question presents precisely the same issue as that in the instant case.
Essentially, appellee argues that it was not obligated to defend appellant because appellant was not an “insured” under the policy issued by appellee to the renter/driver. On the other hand, appellant persuasively contends that section 627.7263 governs, not the insurance policy, and that the insurance coverage which said section imposed upon appel-lee was intended to encompass the duty to defend appellant, the rental agency, in addition to the renter.
Unless the rental agency/owner properly shifts the burden of primary insurance pursuant to section 627.7263, the rental agency’s liability insurance carrier is responsible for the primary layer of insurance coverage up to the financial responsibility requirements of the law,[2] regardless of any contrary contractual provisions in the lease or insurance policy. Southeastern Fidelity Ins. Co. v. Cole, 493 So.2d 445, 446 (Fla.1986); Allstate Ins. Co. v. Fowler, 480 So.2d 1287, 1289 (Fla.1985); Maryland Casualty Co. v. Reliance Ins. Co., 478 So.2d 1068 (Fla.1985); Patton v. Linda’s Rent-A-Car, Inc., 415 So.2d 43, 45 (Fla. 2d DCA 1982). The parties are free to contract between themselves as to any additional coverage beyond the first layer. Patton, 415 So.2d at 45. Therefore, in determining responsibility for subsequent layers of coverage, contractual language and general principles of indemnity control. See Southeastern, 493 So.2d at 446; Fowler, 480 So.2d at 1290-91. However, the instant case on appeal concerns only the primary layer of coverage. Accordingly, ap-pellee’s contention that the policy terms dictate and not the statute is not convincing.
Furthermore, the legislature may enact a statute that alters the effect of express contractual language or even dictates a result contrary to that intended by the parties. See Commerce Ins. Co. v. Atlas Rent-A-Car, Inc., 585 So.2d 1084 (Fla. 3d DCA 1991), rev. denied, 598 So.2d 75 (Fla.1992), in which the third district recognized that the same statute now in question, section 627.7263, altered the insurance policy in that case. In Commerce, the insurance policy held by the driver/renter provided that “the owner’s [i.e., leasing agency’s] auto insurance must pay its limits before we pay.” Id. at 1085 n. 2. In other words, the renter’s policy only provided for excess coverage on the rental vehicle. However, the court determined that by following the procedure outlined in section 627.7263, the leasing agency had shifted primary coverage to the driver/renter’s insurance carrier. This effectively rewrote the contractual provisions of the insurance contract between the driver/renter and its insurer.
We believe that section 627.7263 was intended to shift to the renter’s insurer primary coverage for both the renter and the rental agency. In McCue v. Diversified Services, Inc., 622 So.2d 1372, 1374 (Fla. 4th DCA 1993) (emphasis added), this court stated that the purpose of the statute was to “permit the lessor of an automobile to shift primary liability for the leased vehicle to the lessee’s insurance carrier, thus rendering its own insurance secondary.”
*59 A close examination of the financial responsibility laws provides further guidance in resolving the issue on appeal. The conclusion that, absent compliance with section 627.7263, the owner’s insurer is responsible for primary coverage is mandated by application of the state’s financial responsibility laws, as outlined in sections 324.151(l)(a) and 324.021(7), Florida Statutes. Fowler, 480 So.2d at 1290. Section 324.151(l)(a) mandates that an owner’s liability policy shall insure “the owner ... and any other [permissible] operator ... against loss from the liability imposed by law for damage arising out of the ownership, maintenance, or use of [the owner’s named vehicle].” (Emphasis added.)[3]
Section 627.7263 initially provides that the lessor’s insurance is to be primary “for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.”[4] This statement recognizes the general rule discussed above that the owner’s insurance shall be primary. Since section 324.151(l)(a) mandates that an owner’s liability policy shall insure the owner and any permissible operator, it is logical to presume that the legislature’s statement in section 627.7263 that the lessor’s insurance would be primary contemplated that such insurance would provide such primary coverage for both the lessor and the lessee.
It, therefore, strains logic to suggest that in providing a mechanism in the very same sentence for shifting the responsibility for primary coverage to the lessee, the legislature intended to do so only as far as such primary insurance affected the lessee. Rather, a more common sense reading of section 627.7263 would be to interpret “insurance” consistently throughout the sentence and section as there is no indication that the legislature intended for it to be read inconsistently within the same sentence and section. This suggests that the legislature intended to shift primary coverage as it relates to both the owner/lessor and any permissible operator/lessee.
In sum, we conclude that compliance with section 627.7263 shifted to appellee/renter’s insurer the responsibility for primary coverage of all claims arising from the vehicle rented by its insured up to the basic minimum limit required by the financial responsibility laws, including a responsibility to provide primary coverage to appellani/rental agency. Such primary coverage which was owed to appellani/rental agency encompassed the duty to defend appellant. See Marr Invs., Inc. v. Greco, 621 So.2d 447 (Fla. 4th DCA 1993) (duty to defend is broader than duty of coverage/indemnification). Where applicable, responsibility for any additional coverage beyond the primary layer would be determined by the contractual language and general principles of indemnity.
Given the significance of the issue, we certify to the supreme court the following question as being one of great public importance:
ASSUMING THAT THE RENTER’S INSURER OWES A DUTY OF DEFENSE AND INDEMNIFICATION TO ITS INSURED, THE RENTER, DOES THE RENTER’S INSURER OWE THE RENTAL AGENCY, A NON INSURED UNDER THE POLICY, ANY DUTY OF DEFENSE AND/OR INDEMNIFICATION?
GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
STEVENSON, J., dissents with opinion.

. Although the language of the statute has been modified since it was first enacted, the language of the current statute is identical to that of the 1985 statute.

. Ten thousand dollars ($10,000) per sections 324.151(l)(a) and 324.021(7), Florida Statutes (1985).

. Although the Fowler court was interpreting the 1981 version of section 324.151(l)(a), the statute has only been amended once since then and this modification is not significant to the immediate discussion.

. Section 324.021(7) establishes the required amount of financial responsibility regarding liability coverage. Section 627.736 requires mandatory personal injury protection.