692 So.2d 142 (1997)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
RJT ENTERPRISES, INC., etc., Respondent.
No. 85396.
Supreme Court of Florida.
January 23, 1997.
Rehearing Denied April 25, 1997.
Lori J. Caldwell and Darryl L. Gavin of Rumberger, Kirk & Caldwell, Orlando, for Petitioner.
Mark A. Morrow of the Law Offices of Ronald E. Solomon, P.A., and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for Respondent.
OVERTON, Justice.
We have for review RJT Enterprises, Inc. v. Allstate Insurance Co., 650 So.2d 56 (Fla. 4th DCA 1994), in which the district court was confronted with the situation where a lessee accepted responsibility for providing "primary coverage" to the extent of the lessee's policy limits. The district court held that the lessee's responsibility also included a duty, through the lessee's insurer, to defend the lessor. It then certified the following question as one of great public importance:
ASSUMING THAT THE RENTER'S INSURER OWES A DUTY OF DEFENSE AND INDEMNIFICATION TO ITS INSURED, THE RENTER, DOES THE RENTER'S INSURER OWE THE RENTAL AGENCY, A NON INSURED UNDER THE POLICY, ANY DUTY OF *143 DEFENSE AND/OR INDEMNIFICATION?
Id. at 59. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We find it is appropriate to rephrase the certified question as follows:
DID THE LEGISLATURE INTEND TO ALLOW MOTOR VEHICLE LESSORS TO SHIFT THE DUTY TO DEFEND TO THE LESSEE'S INSURER IN SITUATIONS WHERE THE INSURER OF THE LESSEE HAS A DUTY TO DEFEND ITS INSURED AND ITS INSURED HAS CONTRACTED WITH THE LESSOR TO PROVIDE PRIMARY INSURANCE COVERAGE TO THE EXTENT OF THE LIMITS OF THE LESSEE'S POLICY?
We answer the rephrased question in the negative and, for the reasons expressed, we quash the district court's decision. First, we find that the duty to defend is a responsibility separate and distinct from the duty to provide primary insurance coverage (indemnification). Second, we find that the legislature did not intend to burden the insurers of lessees with the duty to defend lessors not named in (and, indeed, expressly excluded from) the insured's policy. Finally, we conclude that the legislature has created solely a mechanism by which lessors may shift to lessees the duty to provide primary insurance coverage (indemnification) to the extent of the financial responsibility requirements of the law.
The holding suggested by the dissent would likely result in dramatically increased insurance rates for Floridians. Such an outcome was clearly not intended by the legislature. It must be understood that, in many cases, the cost of defense greatly exceeds (as in this case) the cost of indemnification. In cases where the lessee's insurer did not contract to either indemnify or defend the lessor of the automobile, we find that reading the subject legislative act broadly results in a major policy change. Certainly the legislature has authorized the shift, from the lessor to the lessee, of the responsibility for primary indemnification. There is no indication that the duty to defend, a strictly contractual duty, can also be shifted in express violation of the contract between the lessee and the lessee's insurer. The approach forwarded by the dissent turns a blind eye to the prospect of, at best, substantially increased insurance rates for the citizens of Florida and, at worst, substantially decreased availability of insurance offering any coverage for leased automobiles. In the absence of a clear directive from the legislature, this Court should not impose such monumental costs on the citizens of Florida. We turn to the specific facts of the instant case.
The record reflects the following. RJT Enterprises, Inc., is a rental car agency. In March of 1987, it leased an automobile to John Weinerth. Weinerth had automobile insurance through Allstate Insurance Company (Allstate). The language in the Allstate policy expressly excluded from coverage the owner (lessor) of the automobile leased by its insured. Weinerth's rental agreement with RJT contained this language:
You are hereby notified that by signing this contract below you agree that your own liability and personal injury protection insurance, if any, will provide primary insurance coverage up to its full policy limits. I have read the terms and conditions of this contract and agree to them.
(Emphasis added.) Weinerth signed the rental agreement. Then, in April of 1987, Weinerth was involved in an automobile accident with Isaiah Young. In the ensuing action brought by Young against Weinerth and the rental car agency, Allstate refused to provide a defense for RJT. Allstate settled with Young for the policy limits of $10,000. Young pursued his action against RJT. RJT had to provide its own defense. Young recovered no further judgment from RJT. RJT now claims that it is entitled to reimbursement for attorney fees and costs (exhibits indicate fees and costs in excess of $30,000) incurred in defending itself against the action pursued by Young. The trial court ruled in favor of Allstate. The Fourth District Court of Appeal reversed.
The applicable statute is found in section 627.7263 of the Florida Statutes (1985). That statute reads:
627.7263 Rental and leasing driver's insurance to be primary; exception. 

*144 (1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury coverage as required by ss. 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the name of the lessee's insurance company if the lessor's insurance is not to be primary.
As previously noted, the agreement between the rental car agency and Weinerth included a provision making Weinerth's insurance the primary coverage for the leased vehicle. That language was clearly authorized by the provisions of section 627.7263. The terms of the lessee's Allstate insurance contract expressly excluded the owner (such as the rental car agency) of the leased automobile.
Allstate, in this action, does not challenge the legislature's ability to authorize a shift in primary coverage. In fact, many cases have recognized the propriety of such a shift in situations where the correct contractual language was used. In Grant v. New Hampshire Insurance Co., 613 So.2d 466, 470 (Fla. 1993), we stated: "Section 627.7263 merely allows the lessor of a Florida-registered motor vehicle to shift the burden of providing primary liability coverage to the lessee's insurance carrier when the lessee in fact has a primary liability insurance carrier." See also Southeastern Fidelity Ins. Co. v. Cole, 493 So.2d 445, 446 (Fla.1986); State Farm Mut. Auto. Ins. Co. v. Lindo's Rent-A-Car, Inc., 588 So.2d 36, 37 (Fla. 5th DCA 1991); International Ins. Co. v. Ryder Truck Rental, Inc., 555 So.2d 1250, 1251 (Fla. 3d DCA 1989), review denied, 564 So.2d 487 (Fla. 1990).
We agree with Allstate's contention that the legislature never intended, through the statutory language of section 627.7263, to allow lessors to shift the duty to defend. It appears that the district court's finding that Allstate had a duty to defend in this case was based on the belief that the duty to provide "primary coverage" always includes a duty to defend. We reject this conclusion. In fact, the duty to defend has no roots in the common law. It is purely a statutory or contractual duty. Argonaut Ins. Co. v. Maryland Casualty Co., 372 So.2d 960, 963 (Fla. 3d DCA 1979).
Interestingly, in a reverse factual situation, the Fourth District Court of Appeal did not accept its own reasoning in this case. In Budget Rent A Car Systems, Inc. v. Taylor, 626 So.2d 976 (Fla. 4th DCA 1993), the Fourth District was confronted with a situation in which the lessor was responsible for primary coverage under the rental contract with the lessee. In that case, the lessor was a self-insurer. A claim was filed against both Budget and Taylor. Budget provided Taylor with a defense prior to settling the claim for $10,000. Budget obtained a partial release for Taylor to the extent of the $10,000 settlement. Taylor claimed that Budget owed him a defense beyond the $10,000 settlement. Contrary to the analysis in this case, the Fourth District held that, in the circumstances in Taylor, Budget owed Taylor no defense. It stated:
It seems to us that if there is no contractual duty to defend in the parties' contract then there is no duty to defend. The fact that Budget furnished both itself and Taylor a defense to the extent of Budget's coverage does not mean it must continue defending Taylor, regardless of the extent of Taylor's exposure....
We, thus, find Taylor suffered no prejudice. In fact, he received more than he was entitled to, i.e., a free defense of his liability to the extent of the coverage he purchased.
Id. at 979. We reiterate that, in the absence of an express statutory or contractual duty to defend, there is no such duty. The duty to indemnify is a concept distinct from a duty to defend. The duty to defend is broader than the duty to pay. E.g., Fun Spree Vacations, Inc. v. Orion Ins. Co., 659 So.2d 419, 421 (Fla. 3d DCA 1995). It encompasses responsibilities *145 beyond the coverage limits. Indeed, the cost of providing a defense may exceed the amount paid to indemnify.
We conclude that the legislature did not intend the term "primary coverage," in this circumstance, to include a duty to defend. If the legislature intends the lessee's insurer to bear the burden of defending the lessor, it must expressly say so in the statute. Instead, we believe the legislature simply intended to allow lessors to shift responsibility for the duty to indemnify, to the extent of the financial responsibility requirements of the law, to the lessee. Indeed, an expansive construction of the statute would substantially increase the cost of leasing cars in Florida. This is the necessary result because insurance companies would have to raise premiums in order to pay the costs associated with defending large claims against rental car agencies. Those increased costs would certainly be passed along to lessees. We do not believe that the legislature intended such an outcome and, consequently, we refuse to read this result into the statute.
Accordingly, we answer the rephrased question in the negative, finding that section 627.7263 does not require lessees to provide a defense to lessors after agreeing to assume responsibility for "primary coverage."[1] The decision of the district court is quashed.
It is so ordered.
KOGAN, C.J., and SHAW and ANSTEAD, JJ., concur.
GRIMES, J., dissents with an opinion, in which HARDING and WELLS, JJ., concur.
GRIMES, Justice, dissenting.
Every owner of a Florida registered vehicle must establish financial responsibility for that vehicle. This may be accomplished by obtaining a policy of insurance covering the vehicle and insuring the owner and operator for liability arising from its use in the amount of at least $10,000 per person. §§ 324.021(7), 324.022, 324.151(1)(a), Fla. Stat. (1995). Under the common law, where the vehicle was offered for rent or lease, the owner's insurance would be primary up to the $10,000 financial responsibility limit. Allstate Ins. Co. v. Fowler, 480 So.2d 1287 (Fla.1985).
In 1976 the legislature adopted section 627.7263, Florida Statutes (1977), which allowed the owner to shift that responsibility to the renter, provided the rental contract contained the appropriate statutory language. The purpose of that statute was "to permit the lessor of an automobile to shift primary liability for the leased vehicle to the lessee's insurance carrier, thus rendering its own insurance secondary." McCue v. Diversified Servs., Inc., 622 So.2d 1372, 1374 (Fla. 4th DCA 1993). Compliance with the statute makes the lessee's insurer the primary insurer of the leased automobile. Interamerican Car Rental, Inc. v. Safeway Ins. Co., 615 So.2d 244 (Fla. 3d DCA 1993).
Therefore, despite the fact that Allstate's insurance policy purports to exclude coverage for the lessor-owner of the automobile, the execution of the rental contract which met the requirements of the statute had the effect of making Allstate the primary insurer for the first $10,000.[2]
Now that the statute makes Allstate primary for the first $10,000 of coverage, the parties are in the same position as any other parties who have primary and excess coverage with respect to a particular accident. Under these circumstances, it is the accepted practice and the general rule that the primary insurer has the duty to defend. Barry R. Ostrager and Thomas R. Newman, Handbook on Insurance Coverage Disputes, section 6.03, at 217 (1995), explains:
The traditional view is that an excess insurer is not required to contribute to the *146 defense of the insured so long as the primary insurer is required to defend.
Thus, 14 George J. Couch, Couch on Insurance 2d, section 51:148, at 701 (1982), states:
Where, of the two insurers covering the accident one affords primary and the other secondary coverage, and the secondary insurer supplies the defense, it can recover its defense costs from the primary insurer.
The same principle is set forth in John A. Appleman and Walter F. Berdal, Insurance Law and Practice, section 4682 (1979), and Allan D. Windt, Insurance Claims and Disputes: Representation of Insurance Companies and Insureds, section 4.11 (1988). In fact, this Court's decision in Cunningham v. Austin Ford, Inc., 189 So.2d 661 (Fla. 3d DCA 1966), cert. discharged, 198 So.2d 829 (Fla.1967), is directly on point in holding that the primary insurer has the duty to defend.
While the duty to defend is contractual, Allstate had a duty to defend clause in its policy. Therefore, once Allstate became the primary insurer, it was obligated to defend. In enacting section 627.7263, there was no reason for the legislature to refer to the duty to defend because the duty to defend always follows the primary insurer. Because Allstate refused to defend and RJT had to do so, RJT is entitled to recover the cost of defense from Allstate.
I respectfully dissent.
HARDING and WELLS, JJ., concur.
NOTES
[1] We limit our holding to the context of the instant case. We are solely interpreting the meaning of "primary coverage" (and consequently the requisite duty to defend) as it is used by the legislature in section 627.7263. We have no occasion to address the various usages of the term "primary coverage" in situations outside of this limited statutory framework and, therefore, expressly refrain from doing so.
[2] In its brief, Allstate admits that "the effect of the statute in its current form is to allow rental companies to alter the common law rule which requires their own insurance coverage to be primary on behalf of the lessee."