OVERTON, Justice.
We have for review a decision ruling upon the following question certified to be of great public importance:
ASSUMING THAT THE RENTER’S INSURER OWES A DUTY OF DEFENSE AND INDEMNIFICATION TO ITS INSURED, THE RENTER, DOES THE RENTER’S INSURER OWE THE RENTAL AGENCY, A NON INSURED UNDER THE POLICY, ANY DUTY OF DEFENSE AND/OR INDEMNIFICATION?
Allstate Ins. Co. v. Reliance Ins. Co., 679 So.2d 822 (Fla. 3d DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In Allstate Insurance Co. v. RJT Enterprises, 22 Fla. L. Weekly S49, 692 So.2d 142 *892 (Pla. Jan. 23, 1997), we addressed the same question. In that case, we rephrased the certified question as follows:
DID THE LEGISLATURE INTEND TO ALLOW MOTOR VEHICLE LESSORS TO SHIFT THE DUTY TO DEFEND TO THE LESSEE’S INSURER IN SITUATIONS WHERE THE INSURER OF THE LESSEE HAS A DUTY TO DEFEND ITS INSURED AND ITS INSURED HAS CONTRACTED WITH THE LESSOR TO PROVIDE PRIMARY INSURANCE COVERAGE TO THE EXTENT OF THE LIMITS OF THE LESSEE’S POLICY?
RJT, 22 Fla. L. Weekly at S49, 692 So.2d at 143. We answered the rephrased question in the negative. Id. Consistent with that decision, we rephrase the certified question in this ease and answer it in the negative. We decline the invitation to address other issues not certified by the district court.
Accordingly, we quash the decision of the district court to the extent that it addresses the issue raised by the certified question. Further, we remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and SHAW and ANSTEAD, JJ., concur.
GRIMES, HARDING and WELLS, JJ., dissent.