NESBITT, Judge.
State Farm Mutual Automobile Insurance Company (State Farm) appeals a final summary judgment entered in favor of InterAm-erican Car Rental, Inc. (InterAmerican), for reimbursement of InterAmerican’s attorney fees and costs incurred in its defense of a wrongful death lawsuit initiated against the rental agency, among others, when a passenger in the rented vehicle was killed in a traffic accident. Following the Supreme Court’s recent Allstate Insurance Co. v. RJT Enterprises decision, 692 So.2d 142 (Fla.1997), we reverse.
State Farm’s insured, Marsha Pabon, rented a van from InterAmerican on behalf of her brother, Richard Phillips. Marsha never intended to, and did not, drive the van; Richard, a tennis coach, needed it to transport his team to an out-of-town tournament. Because Richard did not have a credit card, Marsha signed the rental agreement and charged the rental to her credit card. The rental agreement contained the following insurance shifting provision:
In accordance with the exception to Florida Statute 627.7263 you are hereby notified that this rental agreement provides that the valid and collectible liability and personal injury protection insurance of the renter, or any other person operating this motor vehicle with the renter’s consent, shall be primary, in accordance with the limits of liability as required by Florida Statute 324.021(7).
During the trip, an accident occurred which resulted in the death of Jamaul McCloud. McCloud’s estate sued InterAmerican, among others. InterAmerican asked State Farm to undertake the cost of defending the lawsuit; State Farm refused. Judgment was against InterAmerican in the McCloud suit. InterAmerican sought indemnification from State Farm for attorney fees and costs, alleging that State Farm was obligated to defend InterAmerican, pursuant to section 627.7263, Florida Statutes (1995). The trial court agreed, granting summary judgment for In-terAmerican, and assessing the award at over $140,000. This appeal followed.
The trial judge in the instant case did not have the benefit of the Supreme Court’s Allstate-RJT decision, as it was rendered after the summary judgment here. See Allstate Ins. Co. v. RJT Enter., Inc., 692 So.2d 142 (Fla.1997). Allstate-RJT held that section 627.7263, Florida Statutes, does not encompass a duty on the part of the renter’s insurer (here, State Farm) to defend the car rental agency (here, InterAmerican) in a lawsuit involving the rented vehicle[1]. See All *790 state-RJT, 692 So.2d at 143. That statute merely provides that the renter, and not the car rental agency, is responsible for providing primary liability insurance on the rented vehicle and that the renter’s insurer will defend its insured, the renter, in any suit against the renter. Thus, State Farm had no duty to' defend Inter American in the McCloud wrongful death suit.
We decline to comment on InterAmerican’s contention, in rebuttal, that it was an omnibus insured of the State Farm-Marsha Pa-bon insurance policy, as this issue may be more appropriately addressed by the trial court on remand. The summary judgment is reversed and the matter' remanded for action consistent with this opinion.

. In Allstate-RJT, the Supreme Court answered the following (rephrased) certified question in the negative:
Did the legislature [in section 627.7263] intend to allow motor vehicle lessors to shift the duty to defend to the lessee's insurer in situations where the insurer of the lessee has a duty to defend its insured and its insured has contracted with the lessor to provide primary insurance coverage to the extent of the limits of the lessee’s policy?
Allstate-RJT, 692 So.2d at 143.