[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13303

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 07-00288-CV-ORL-28-DAB,
07-00595-CV-ORL

6:07-CV-288-ORL-28DAB:


ERNIE HAIRE FORD, INC.,

                                                  Plaintiff-Appellee,

CROWN AUTO DEALERSHIPS, INC.,

                                                  Consolidated Plaintiff-
                                                  Appellee-Cross-
                                                  Appellant,

                        versus

UNIVERSAL UNDERWRITERS INSURANCE COMPANY,

                                                  Defendant-Appellant-
                                                  Cross-Appellee.
_____
6:07-CV-595-ORL-28DAB:

CROWN AUTO DEALERSHIPS, INC.,

                                                  Plaintiff-Appellee-
                                                  Cross-Appellant,

versus

UNIVERSAL UNDERWRITERS INSURANCE COMPANY,

Defendant-Appellant-
Cross-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(May 18, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

This case involves a dispute regarding the amount of liability insurance coverage available to Ernie Haire Ford, Inc. ("Ford") and Crown Auto Dealerships, Inc. ("Crown") (collectively, "Appellees") in connection with class action suits filed against them. The district court granted in part and denied in part Appellees' summary judgment motion as to the scope of coverage available to them. The court also granted summary judgment to Universal Underwriters Insurance Company ("Universal") regarding whether it breached its duty to defend Crown in the class action suit. Universal appeals the district court's grant of Appellees' motion for summary judgment regarding the scope of coverage. Crown filed a

2

cross-appeal from the district court's grant of Universal's motion for summary judgment on the question of the duty to defend. Ford also moved to dismiss Universal's appeal as moot with respect to the district court's grant of summary judgment against Ford. After reviewing the record and hearing oral argument, we DENY Ford's motion to dismiss the appeal, AFFIRM the district court's grant of Appellees' motion for summary judgment, VACATE the court's grant of Universal's motion for summary judgment, and REMAND for further proceedings in light of this opinion.

## I. BACKGROUND

A. <u>Class Action Suits and Appellees' Insurance Policies</u>

Ford and Crown both were sued in separate class-action law suits for multi-year patterns or practices involving automobile sales that allegedly violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 <u>et seq.</u> The class period for the suit against Ford ran from 30 August 1998 to 1 August 2003, and the class period for the suit against Crown ran from 5 January 2000 to 5 July 2003.[1] Ford and Crown both purchased "Unicover" insurance policies from Universal. Both

---

[1] The district court's first summary judgment order mentions that the end date of the class period for the suit against Ford possibly was being changed to 31 December 2002. <u>See</u> <u>Ernie Haire Ford, Inc. v. Universal Underwriters Ins. Co.</u>, 541 F. Supp. 2d 1295, 1296 n.1 (M.D. Fla. 2008). The parties' briefs do not discuss whether this change occurred. However, based on the time frames covered by the policies at issue, such a modification would not alter our analysis.

companies purchased five successive policies during the time frame encompassed by their respective class periods.[2] All of Ford's policies covered annual periods between 1 April 1998 and 1 April 2003. Four of Crown's policies also covered annual periods — one from 1 August 1999 to 1 August 2000 and three between 1 April 2001 and 1 April 2004. Crown's fifth policy covered the period between 1 August 2000 and 1 April 2001.

TILA violations are covered in Coverage Part 500 of the Unicover Policy as part of "STATUTE AND TITLE E&O" (hereinafter, "STEO"). In Coverage Part 500, Universal agreed to "pay all sums the INSURED legally must pay as DAMAGES . . . because of STATUTE AND TITLE E&O." R4-33, Exh. C at UUIC-00053. The Unicover Policy defines STEO as "any claim or SUIT filed against [the policyholder] . . . by or on behalf of . . . a customer . . . because of an alleged violation during the Coverage Part period, of any federal, state, or local . . . truth-in-lending or truth-in-leasing law." Id. at UUIC-00055. It also defines "DAMAGES" as "amounts awardable by a court of law" and "SUIT" as "a civil action for DAMAGES." Id. at UUIC-00054–55. The Unicover Policy specifically provides that "[a] class action is one SUIT." Id. at UUIC-00056. Additionally, it

---

[2] For the purposes of this appeal, the relevant language of Appellees' policies is identical. Hereinafter we will refer to the "Unicover Policy" when addressing language common to all the policies and will refer to "the policy" or "the policies" when discussing a particular policy or policies.

contains a "non-stacking provision" as part of its "General Conditions," which states as follows:

> NON-STACKING OF LIMITS — If more than one Coverage Part or policy issued by US to YOU should insure a LOSS, INJURY, OCCURRENCE, claim or SUIT, the most WE will pay is the highest limit applicable. The limit under that Coverage Part or policy will be inclusive of the lower limit in the other Coverage Part(s) or policy(s), not in addition to them.

Id. at UUIC-00020. In this provision, "US" and "WE" refer to Universal and "YOU" to the insured party.

For those policy periods before 1 April 2002, the policies provided that Universal would pay no more than "the annual aggregate limit shown in the declarations for the sum of all DAMAGES and settlements involving STATUTE and TITLE E&O." Id. at UUIC-00059–60. All of the relevant declarations pages for those policy periods list the "annual aggregate" and "per suit" limits as $500,000. Unicover altered this provision for policy periods beginning 1 April 2002 by adding an endorsement stating that the most it would "pay in damages and defense costs for any one claim or suit is the limit per suit stated in the declarations for such coverage." R5-33, Exh. F at UUIC-00132. For those policy periods, the declarations pages listed the "per suit" limits as $25,000 and the "annual aggregate" limits as $500,000.

5

In early 2004, Crown submitted to Universal the first amended complaint in the class action suit against it. Universal appointed an attorney, Mark Kapusta, to defend the action and notified Crown of this action in a 2 February 2004 letter. In this letter, Universal noted that it was accepting the matter under a reservation of rights since it was unable to determine whether the action was covered under the Unicover Policy. It also stated that Crown had an aggregate limit of $500,000 for all damages and settlements stemming from STEO claims and suits. Kapusta subsequently hired an expert, who estimated potential damages from the class action suit at between $624,105 and $974,900. Crown's separately-hired counsel rendered a much higher estimate — $44 million in potential damages.

The class action parties unsuccessfully attempted to mediate the dispute in both July 2004 and March 2005. On both occasions, Universal recommended settlement and offered to pay $500,000, which it believed to be the policy limit because it thought that the class action was subject to the non-stacking provision. Universal estimated that Crown would have to contribute $100,000 or more to effect a settlement. Crown officials testified that they were reluctant to settle, even for an amount under $500,000, because they believed they had done nothing wrong and did not want to set a bad precedent by settling. Crown ultimately settled the class action in September 2007 for over $1.1 million.

6

B. Procedural History

In early 2007, Appellees filed separate suits against Universal in Florida state court seeking declaratory judgments about the scope of coverage available to them under the Policies with respect to the class action suits.  Universal removed both cases to the United States District Court for the Middle District of Florida.  Shortly thereafter, Universal moved to consolidate the two cases based on the presence of common questions of law and fact, the similarity in the plaintiffs' allegations and the defenses Universal raised, and the fact that common counsel represented both Crown and Ford.  The district court granted the motion.

The complaints filed by Appellees were largely identical.  Count One involved a request for a declaratory judgment that they were entitled to $500,000 in liability limits under Coverage Part 500 for each of the years involved in the class action.  Count Two involved a similar request regarding a different part of the Unicover policy, Coverage Part 550.  Crown's second amended complaint also included a third count alleging that Universal breached its duty to defend with respect to the underlying class action and seeking all consequential damages stemming from that breach.

Appellees subsequently moved for summary judgment as to Count One. Universal filed a cross-motion for summary judgment as to Count One and moved

for summary judgment on Count Three.[3]  With respect to Count One, the court

disagreed with Universal's contention that the non-stacking provision limited

coverage.  It found that provision to be inapplicable because no single policy

insured the entire class action suit.  See Ernie Haire Ford, 541 F. Supp. 2d at 1301.

Instead, the court generally agreed with Appellees that the policies provided a

separate limit for each policy period, which was equivalent to the "per suit" limit in

each policy.  See id. at 1303, 1306–07.  The sole point of disagreement was with

respect to coverage for those policy periods after 1 April 2002.  The court

concluded that the change in policy language for those periods meant that the limit

for those periods was $25,000 rather than $500,000.  See id. at 1305–06.  The court

therefore granted in part and denied in part Appellees' motion on Count One and

denied Universal's cross-motion on that count.  See id. at 1307.  Universal

appealed this decision.

With respect to Count Three, Crown contended that summary judgment was

inappropriate because Universal should have settled at mediation for an amount

greater than $500,000.[4]  It asserted that such a refusal constituted a breach of

---

[3] The district court dismissed Count Two based on a joint stipulation by the parties.

[4] Crown also cited four other bases upon which a jury could find for it on the issue of duty to defend.  However, on appeal it specifically limited its arguments to Universal's refusal to settle for more than $500,000.

Universal's contractual duty to defend in light of the court's ruling that the policy limits exceeded that figure. The court disagreed, instead finding that a mistake regarding the correct amount of coverage would not prove that Universal had breached a contractual duty to defend. On this basis, it granted Universal's motion as to Count Three. Crown filed a cross-appeal of this decision. On 24 November 2008, after the district court granted summary judgment for Appellees on Count One, Universal wrote a check to the class action plaintiffs suing Ford for approximately $1.8 million, an amount equivalent to the remaining policy limits. Based on this action, Ford filed a motion to dismiss as moot Universal's appeal of the grant of summary judgment for Ford.

## II. DISCUSSION

A. Scope of Coverage

Universal contends that the district court erred in granting summary judgment to Appellees on Count One. It asserts that, since the Unicover Policy treated a class action as a single suit, the non-stacking provision limits coverage for a class action to the highest "per suit" limit contained in any of the applicable policies, which would be $500,000. It also maintains that the district court's decision contravened the plain language of the Unicover Policy and violated the parties' freedom of contract.

9

We review de novo a district court's grant of motion summary judgment. See Pugliese v. Pukka Dev., Inc., 550 F.3d 1299, 1302 (11th Cir. 2008). In so doing, we "apply[] the same legal standards that bound the district court, and view[] all facts and reasonable inferences in the light most favorable to the nonmoving party." Id. (quotation marks and citation omitted). The decision to grant summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In a diversity suit, such as this, we apply the substantive law of Florida, the forum state. See generally Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817 (1938). Under Florida law, the interpretation of provisions of an insurance policy is a question of law, which we review de novo. See James River Ins. Co. v. Ground Down Eng'g, 540 F.3d 1270, 1274 (11th Cir. 2008). Additionally, "[i]f the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and another limiting coverage, the insurance policy is considered ambiguous." Garcia v. Federal Ins. Co., 969 So. 2d 288, 291 (Fla. 2007) (quotation marks and citations omitted). "Ambiguities in insurance contracts are interpreted against the insurer and in favor of the insured." Id.

The non-stacking provision in the Unicover Policy limits the amount of

10

coverage only "[i]f more than one Coverage Part or policy . . . should insure a . . .

SUIT." R4-33, Exh. C at UUIC-00020. We view this language as having two

potential interpretations. Read broadly, it could encompass all situations in which

multiple policies cover some portion of the underlying suit. However, it also could

be read narrowly to address only those circumstances in which multiple policies

insured the complete suit.[5] Since both of these readings are reasonable, the

provision is ambiguous, and we must construe it against Universal and in favor of

Appellees. We therefore interpret it narrowly so as to limit coverage only when

multiple policies insure an entire suit.

Under this narrow interpretation, the non-stacking provision would not limit

Appellees' STEO coverage. Universal contends that since the Unicover policy

defines a class action as a single suit, such suits should be non-divisible for the

purpose of determining whether a policy insures a suit. However, this argument

ignores the consecutive, non-concurrent, nature of the policies and the fact that the

policies' own terms base STEO coverage on the timing of the violations. Each

---

[5] Notably, the "more than one Coverage Part or policy" language fails to resolve whether the "Part or policy" must partially "insure" or completely "insure" the suit. The word "insure," in our view, is not synonymous with the term "apply." That is, UUIC might be correct if the policy discussed situations in which "more than one Coverage Part or policy should [apply to] a SUIT." But that is not what the non-stacking provision says. This lack of clarity is especially troublesome here where each successive policy would cover only a part of a law suit. Further, although the provision begins by saying "more than one Coverage part or policy," it ends by saying "should insure a SUIT" — not "a SUIT or a part of a SUIT." At a minimum, it is unclear whether the language refers to part or all of the suit.

11

individual policy covers suits deriving from those violations that occur during its particular policy period. Both of the underlying class action suits stemmed from patterns and practices of violations that took place over a number of years. Multiple policies would have been in effect during the time when the violations took place, with no policy governing during the full class period. Each policy thus covered a portion of the class action suits, but more than one policy did not insure the entirety of either suit. Since no policy nor provision of a policy would insure the whole class action, the non-stacking limitation is inapplicable. As the district court correctly noted, Appellees' coverage in the underlying class action suits thus would be equal to the "per suit" limitation for each applicable policy period. Accordingly, we affirm the district court's grant of Appellees' motion for summary judgment as to Count One.[6]

B. Duty to Defend

Crown contends that the district court erred in granting summary judgment for Universal on Count Three. It asserts that since the coverage available under the

_____

[6] Although the district court made no explicit finding regarding whether the policy was ambiguous, it made reference to Florida's standards for interpreting ambiguous policy language and applied the narrow interpretation of the non-stacking limitation. Regardless, we can affirm a grant of summary judgment on any basis that is supported by the record. See Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001).

Additionally, since we affirm the district court's grant of summary judgment on this count, we do not have to address Ford's motion to dismiss Universal's appeal. We therefore deny that motion.

Unicover Policy was $1.55 million, Universal breached its contractual duty to defend by refusing to settle the class action within the actual policy limit, even if it had a reasonable belief at the time that the policy limit was only $500,000. The district court, in addressing this argument, noted that Crown alleged only a breach of contract rather than the broader violation of bad faith settlement practices and found that Universal made a reasonable mistake regarding the correct amount of coverage. Such a mistake, it concluded, was insufficient to establish either bad faith or a breach of the duty to defend, particularly since Crown did not contest Universal's coverage estimate until 2007.

Universal's duty to defend derives from the text of the Unicover Policy. See Allstate Ins. Co. v. RJT Enters., Inc., 692 So. 2d 142, 144 (Fla. 1997) (noting that an insurer's duty to defend is based on either contract or statute). Under Coverage Part 500, Universal has "the right and duty to defend any SUIT asking for" STEO damages or any damages described in that coverage part. R4-33, Exh. C at UUIC-00053. As part of this duty, Universal "may investigate and settle any claim or SUIT [it] consider[s] appropriate." Id. Universal's duty to defend ceases after it has paid the limit identified in the policy declarations. See id.

Universal asserts that the district court correctly granted summary judgment because Crown failed to assert that Universal acted in bad faith in refusing to settle

for more than $500,000. However, Florida appellate courts often have permitted plaintiffs to assert a breach of contract claim for an allegedly wrongful denial of coverage and to seek damages resulting from that breach. See Florida Ins. Guar. Ass'n, Inc. v. All the Way with Bill Vernay, Inc., 864 So. 2d 1126, 1129 (Fla. Dist. Ct. App. 2003); Robinson v. State Farm Fire & Cas. Co., 583 So. 2d 1063, 1068 (Fla. Dist. Ct. App. 1991); Carrousel Concessions, Inc. v. Florida Ins. Guar. Ass'n, 483 So. 2d 513, 516 (Fla. Dist. Ct. App. 1986). This is true even in circumstances in which the plaintiff has not or could not assert a bad faith claim. See, e.g., Carrousel Concessions, 483 So. 2d at 516 (noting that whether an insurer breached its duty to defend "can be determined objectively from the insurance contract itself without inquiry into whether the insurer acted in good faith or bad faith"). We therefore find that, contrary to the district court's conclusions, Crown could establish a valid claim for breach of a contractual duty to defend based on Universal's refusal to settle.

We also disagree with the district court's finding that summary judgment was proper because Universal's mistake as to the correct amount of coverage was reasonable. Florida courts have held that "[a]n insurer which denies coverage does so at its own risk" even if it bases the denial "on a mistaken but honest belief that coverage did not exist." Thomas v. Western World Ins. Co., 343 So. 2d 1298,

14

1304 (Fla. Dist. Ct. App. 1977) (per curiam); see also Gallagher v. Dupont, 918 So. 2d 342, 347 (Fla. Dist. Ct. App. 2005) (noting that an insurer "acts at its peril in refusing to defend its insured and will be held responsible for the consequences"); St. Paul Fire & Marine Ins. Co. v. Thomas, 273 So. 2d 117, 121 n.7 (Fla. Dist. Ct. App. 1973).  In this case, Crown did not contest Universal's contentions about the policy limits at the time of the settlement negotiations and even may have evidenced a reluctance to settle.  However, as the Florida Supreme Court has noted, it is the insurer, not the insured, who is responsible for "mak[ing] decisions as to when and when not to offer or accept settlement of the claim."  Doe v. Allstate Ins. Co., 653 So. 2d 371, 374 (Fla. 1995) (per curiam).  As a result, though Crown's actions would buttress Universal's argument that it did not breach its duty to defend, they do not compel that conclusion, and a jury could still reasonably find the opposite.  The duty-to-defend issue thus involves sufficient issues of material fact to preclude summary judgment.  We therefore vacate the district court's grant of Universal's motion for summary judgment on Count Three and remand for further proceedings in light of this opinion.

### III. CONCLUSION

Universal appeals the district court's grant of Ford and Crown's motion for summary judgment regarding the scope of coverage under the Unicover Policy for

15

various class-action suits filed against them, and Crown cross-appeals the court's grant of Universal's motion for summary judgment as to whether Universal breached its duty to defend under the policy. Ford also moves to dismiss Universal's appeal as moot as to it. Because we find that the policy language discussing stacking of policy limits was, at best, ambiguous, we AFFIRM the district court's grant of Ford and Crown's motion for summary judgment on Count One and DENY Ford's motion to dismiss the appeal as moot. However, the question of whether Universal breached its duty to defend presents sufficient issues of material fact to preclude summary judgment. Accordingly, we VACATE the district court's grant of Universal's motion for summary judgment on Count Three and REMAND for further proceedings in light of this opinion.

**AFFIRMED IN PART, DENIED IN PART, AND VACATED AND REMANDED IN PART.**